IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW A. HERZOG, ) | CASE NO. 8:08CV255 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| CHEYENNE COUNTY MENTAL ) | |
| HEALTH BOARD, and CHEYENNE ) | |
| COUNTY ATTORNEY, ) | |
| ) | |
| Respondents. ) | |

The court has conducted an initial review of Petitioner's Amended Petition for Writ of Habeas Corpus (Filing No. 6) to determine whether Petitioner's claims are, when liberally construed, potentially cognizable in federal court. Petitioner has made one claim.

Condensed and summarized for clarity, Petitioner asserts that his continued confinement violates the constitution because he is "not mentally ill and dangerous . . . ."[1] The court preliminarily decides that this claim is potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of his claim or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 6.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually

---

[1]This claim combines four similar claims — Grounds One through Four — as set forth in the Petition.

impaired or an evidentiary hearing is required. *See, e.g.,* Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 6), the court preliminarily determines that Petitioner's claim is potentially cognizable in federal court;

2. Petitioner's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion;

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (Filing No. 6) to Respondent and the Nebraska Attorney General by regular first-class mail;

4. By **December 5, 2008**, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 5, 2008: deadline for Respondent to file answer or motion for summary judgment;

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served

upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner***;

6. If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

   A. No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*;

   B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer";

      C.      Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

      E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

7.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*.

DATED this 22nd day of October, 2008.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge