IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | CASE NO. 8:08CV255 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHEYENNE COUNTY MENTAL | ) | |
| HEALTH BOARD, and CHEYENNE | ) | |
| COUNTY ATTORNEY, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 10.) In support of their Motion, Respondents filed a Brief and State Court Records. (Filing Nos. 11 and 12.) Petitioner filed a Motion to Deny the Motion for Summary Judgment. (Filing No. 19.) As set forth below, the Motion for Summary Judgment is granted.

## I. BACKGROUND

On June 4, 2008, the Cheyenne County, Nebraska Mental Health Board (the "Board") held a hearing regarding the placement status of Petitioner Andrew A. Herzog ("Herzog"). (Filing No. 11-2, Attach. 1, at CM/ECF p. 1.) Herzog was represented by counsel at the hearing, and the Board heard testimony from Herzog, Herzog's stepfather, and a physician. (*Id.*) After hearing the evidence, the Board found the following:

> [The Board] . . . finds that the Motion for Reconsideration of Placement is overruled. The Board further finds that there is clear and convincing evidence that [Herzog] remains mentally ill and dangerous and that the least restrictive treatment alternative remains as inpatient treatment. [Herzog] therefore remains committed to the custody of the Nebraska Department of Health and Human Services for appropriate treatment and placement.

(*Id.* at CM/ECF pp. 1-2.) The Board's order was entered on June 5, 2008. (*Id.* at CM/ECF p. 1.) Approximately two weeks later, on June 23, 2008, Herzog filed his Petition for Writ of Habeas Corpus ("Petition") in this court. (Filing No. 1.) Summarized, Herzog asserts in his Petition that his continued confinement violates the constitution because he is "not mentally ill and dangerous . . . ." (Filing No. 7 at CM/ECF p. 1.)

## II. ANALYSIS

Respondents argue that they are entitled to summary judgment because Herzog "did not pursue an appeal," and therefore has not exhausted his state-court remedies. (Filing No. 12 at CM/ECF p. 1.) As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A petitioner must "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).  Such exhaustion requirements apply to petitioners seeking review of mental health commitment orders.  See *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (holding that a civilly committed petitioner's request for release was a habeas action, noting that the exhaustion requirement applies, and remanding for determination regarding whether the petitioner "has fully exhausted the necessary state procedures to challenge his civil commitment").

    A.    Appeal of the Board's June 5, 2008 Order

The Nebraska statute governing the findings of the Board states:

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board under section 71-925 to the district court.  Such appeals shall be de novo on the record.  A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases.  The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

Neb. Rev. Stat. § 71-930 (2008).  Thus, under Nebraska law, an adjudication by a mental health board that an individual is "a mentally ill dangerous person" and which orders the individual "to be retained in custody for an indeterminate amount of time pending the entry of an order of final disposition . . . clearly affects a substantial right" and may be appealed.

*In re Saville*, 626 N.W.2d 644, 648 (Neb. Ct. App. 2001). Such an appeal must be taken within 30 days. *Id.*; *see also* Neb. Rev. Stat. § 25-1912 (2008).

Here, Herzog admits that he did not file an appeal of the Board's June 5, 2008 Order. (Filing No. 19 at CM/ECF p. 1.) Herzog claims that he failed to file an appeal because he believes he has "no grounds for an appeal." (*Id.*) While the court declines to opine regarding whether Herzog has any meritorious grounds on which to appeal, it is certain that he has the right to appeal. Herzog has therefore failed to exhaust his state administrative remedies by failing to timely appeal to the Nebraska state courts prior to filing his Petition.

B. Other Alternatives for Exhaustion

Aside from a direct appeal as set forth above, an individual found to be mentally ill or dangerous may "file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of his or her custody or treatment." Neb. Rev. Stat. § 71-960 (2008). Alternatively, an individual "may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by the board." Neb. Rev. Stat. § 71-935 (2008); *see also In re Powers*, 493 N.W.2d 166, 168-69 (Neb. 1992). Such a request may be made after the "filing of a periodic report under section 71-932," which requires that periodic reports be "filed and served no less frequently than every ninety days for a period of one year following submission of the subject's individualized treatment plan and every six months thereafter." Neb. Rev. Stat. § 71-932 (2008).

Although Herzog is now barred from filing an appeal of the Board's June 5, 2008, Order because any appeal would be dismissed as untimely, he has two alternatives to

exhaust his state remedies. He may file a state petition for writ of habeas corpus or he may file a request for a review hearing after the filing of his next periodic report, which should be filed no later than six months from now. In the event that Herzog chooses to file a state habeas corpus petition, he must then appeal that decision to the Nebraska Court of Appeals and then to the Nebraska Supreme Court. If Herzog instead seeks review by the Board, he must then follow the appeal procedures set forth above, including appealing to the county district court, and then to the Nebraska Court of Appeals and Nebraska Supreme Court. After doing so, Herzog may seek habeas corpus relief in this court. In short, Herzog never attempted to exhaust his state remedies. Thus, the Petition will be dismissed, but the court will do so without prejudice to reassertion after exhaustion.[1]

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (Filing No. 10) is granted. Petitioner's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed without prejudice;

2. All other pending motions are denied; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

---

[1] To be clear, this Memorandum and Order and accompanying Judgment is not a determination of the merits of Herzog's claims. In the event that Herzog exhausts his state court remedies, he will be able to return to this court without fear of the later petition being deemed "successive." Burton v. Stewart, 549 U.S. 147 (2007) ("A habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition.") (quotation omitted).